UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DONNA M. ANDERSON,

                    Plaintiff,

    -vs-                        **No. 1:14-CV-01038 (MAT)**
                                     **DECISION AND ORDER**
CAROLYN W. COLVIN, ACTING
COMMISSIONER OF SOCIAL SECURITY,
                    Defendant.

---

**I. Introduction**

Represented by counsel, Donna M. Anderson ("plaintiff") brings this action pursuant to Titles II and XVI of the Social Security Act ("the Act"), seeking review of the final decision of the Commissioner of Social Security ("the Commissioner") denying her applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"). The Court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons discussed below, the Commissioner's motion is granted.

**II. Procedural History**

The record reveals that in August 2011, plaintiff (d/o/b October 19, 1968) filed applications for DIB and SSI, alleging disability beginning September 8, 2011. After her applications were denied, plaintiff requested a hearing, which was held before administrative law judge Gitel Reich ("the ALJ") on April 23,

2013.[1] The ALJ issued an unfavorable decision on June 25, 2013. The Appeals Council denied review of that decision and this timely action followed.

**III. The ALJ's Decision**

Initially, the ALJ found that plaintiff satisfied the insured status requirements of the Act through December 31, 2015. At step one of the five-step sequential evaluation, see 20 C.F.R. §§ 404.1520, 416.920, the ALJ found that plaintiff had not engaged in substantial gainful activity since September 8, 2011, the alleged onset date. At step two, the ALJ found that plaintiff suffered from the severe impairments of non-Hodgkin's lymphoma currently in remission, asthma/COPD (chronic obstructive pulmonary disorder), and degenerative disc disease of the cervical spine. At step three, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment.

Before proceeding to step four, the ALJ found that plaintiff retained the residual functional capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a), 416.967(a) except that she could not work in an environment with more than occasional exposure to respiratory irritants, and she could not

---

[1] Plaintiff's case was originally assigned to ALJ Myriam Fernandez Rice, who held a hearing before the case was transferred to ALJ Reich. The Court notes that plaintiff has withdrawn the argument set forth in Point 1 of her main brief (doc. 8-1), which contended that the ALJ Reich did not order a supplemental hearing after the case was assigned to her. See doc. 15 (plaintiff's reply). That contention was rendered meritless by the Commissioner's filing of a supplemental transcript with the Court, which contains the supplemental hearing transcript. See doc. 13.

2

perform a job that requires rapid neck movements. At step four, the ALJ found that plaintiff was incapable of performing past relevant work. At step five, the ALJ found that considering plaintiff's age, education, work experience, and RFC, there were jobs existing in significant numbers in the national economy that she could perform. Accordingly, the ALJ found that plaintiff was not disabled.

## IV. Discussion

A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by "substantial evidence" or if the decision is based on legal error. 42 U.S.C. § 405(g); see also Green-Younger v. Barnhart, 335 F.3d 99, 105-06 (2d Cir. 2003). "Substantial evidence means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Shaw v. Chater, 221 F.3d 126, 131 (2d Cir. 2000).

### A. Step Two Finding

Plaintiff contends that the ALJ erred in finding that her depression was not severe at step two. The ALJ made a specific finding that plaintiff's depression was non-severe, finding that the condition "[did] not add on any additional limitations to her [RFC]," and noting that Wellbutrin helped treat the symptoms of plaintiff's depression. The ALJ also found that plaintiff had only mild limitations in activities of daily living, social functioning, and concentration, persistence, or pace. For the reasons set forth

3

below, the Court concludes that the ALJ did not err at step two by finding plaintiff's depression non-severe.

"Under the applicable regulations, an impairment is considered to be 'non-severe' if it 'does not significantly limit [the claimant's] physical or mental ability to do basic work activities.'" Patterson v. Colvin, 24 F. Supp. 3d 356, 368 (S.D.N.Y. 2014) (citing 20 C.F.R. § 416.921(a)). The record reveals that plaintiff first reported "some depression" to her primary care physician, Dr. Erika Connor, on January 24, 2012, but "state[d] that [it was] very bearable and decline[d] any intervention either by psychology consult or with medication." T. 455. Later, on October 31, 2012, Dr. Connor prescribed Wellbutrin,[2] apparently for depressive symptoms. On January 9, 2013, Dr. Connor increased plaintiff's Wellbutrin prescription, noting that plaintiff reported to him that her prescription "may not be strong enough." T. 535. On February 6, 2013, Dr. Connor noted that plaintiff's depression was "stable." T. 529. At the supplemental hearing, the ALJ asked plaintiff what symptoms of depression she experienced, and plaintiff responded that she "[j]ust . . . had some thoughts of suicide but [she] could never do it because of [her] children."

---

[2] Wellbutrin is a drug typically described for smoking cessation or to treat depressive symptoms. Although for purposes of discussion, the Court takes plaintiff's argument – that she was prescribed Wellbutrin for depression – as true, it is noted that two of plaintiff's primary physical impairments, non-Hodgkins lymphoma currently in remission and asthma/COPD, were associated with habitual smoking. The October 31, 2012 treatment note does not indicate the reason for which plaintiff was prescribed the Wellbutrin. A later January 3, 2013 treatment note, however, does indicate a diagnosis of depression and a corresponding prescription for Wellbutrin.

4

T. 570. She then testified that her Wellbutrin helped since Dr. Connor increased her dosage.

Based on the facts in this record, the Court finds that substantial evidence supports the ALJ's decision that plaintiff's depression was not a severe impairment within the meaning of the regulations. There is no indication from the record that plaintiff's depression contributed to any limitations on work-related functioning. Moreover, as the ALJ noted, plaintiff did not seek treatment from a psychiatric source, electing instead to have medication management by her primary care physician. See, e.g., Patterson v. Colvin, 24 F. Supp. 3d 356, 369 (S.D.N.Y. 2014) (affirming finding that depression was non-severe where the record indicated that plaintiff's "psychological and emotional issues [did] not significantly limit[] her ability to work").

**B. Credibility**

Plaintiff contends that the ALJ erred in evaluating her subjective complaints of pain, and further argues that she read the record selectively, citing only evidence supporting a finding of non-disability, when rendering her decision. The Commissioner responds that the ALJ's credibility and RFC findings were based on substantial evidence, including plaintiff's medical treatment notes and a consulting opinion from state agency physician Dr. Joseph Prezio.

The Court agrees with the Commissioner that the ALJ's decision, including her credibility and RFC findings, was supported

5

by substantial evidence. As the ALJ noted, plaintiff's longitudinal medical record established that her non-Hodgkins lymphoma was in remission, and her asthma was improving over time. Physical examinations during the relevant time period supported the ALJ's conclusion that her asthma was improving and/or controlled. The Court finds that the ALJ provided a thorough summary of the evidence, and did not engage in an impermissible picking and choosing of selective evidence as plaintiff argues. While plaintiff essentially contends that substantial evidence would support a conclusion that her conditions caused greater limitations than those found by the ALJ, the question is not whether substantial evidence supports plaintiff's position, but whether it supported the ALJ's decision. See Bonet ex rel. T.B. v. Colvin, 523 F. App'x 58, 59 (2d Cir. 2013) (citing Selian v. Astrue, 708 F.3d 409, 417 (2d Cir. 2013)).

Specifically regarding the ALJ's credibility finding, the Court finds that the ALJ's discussion, which incorporates her review of the testimony, indicates that the ALJ used the proper standard in assessing credibility, especially in light of the fact that the ALJ cited relevant authorities in that regard. See Britt v. Astrue, 486 F. App'x 161, 164 (2d Cir. 2012) (finding explicit mention of 20 C.F.R. § 404.1529 and SSR 96-7p as evidence that the ALJ used the proper legal standard in assessing the claimant's credibility).

The ALJ reasonably considered the inconsistency of plaintiff's subjective reports with the objective medical evidence, and she was entitled to consider that plaintiff received no more than conservative treatment for her neck pain. See, e.g., Gehm v. Astrue, 2013 WL 25976, *5 (N.D.N.Y. Jan. 2, 2013) (noting that "[a]t the second step of the credibility analysis it [is] proper to consider whether subjective complaints of pain were inconsistent with objective evidence in the record.") (citing Meadors v. Astrue, 370 F. App'x 179, 183-84 & n.1 (2d Cir. 2010)); Rivera v. Colvin, 2015 WL 6142860, *6 (W.D.N.Y. Oct. 19, 2015) (finding that "ALJ was entitled to consider evidence that plaintiff pursued a conservative treatment as one factor in determining credibility") (citing Netter v. Astrue, 272 F. App'x 54, 56 (2d Cir. 2014)).

## V. Conclusion

For the foregoing reasons, plaintiff's motion for judgment on the pleadings (doc. 8) is denied and the Commissioner's motion (doc. 14) is granted. The ALJ's finding that plaintiff was not disabled is supported by substantial evidence in the record, and accordingly, the complaint is dismissed in its entirety with prejudice. The Clerk of the Court is directed to close this case.

**SO ORDERED.**

                                       **S/Michael A. Telesca**

                                       HON. MICHAEL A. TELESCA
                                       United States District Judge

Dated:    June 28, 2017
             Rochester, New York.